**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JOSE L. SOLIS,

    Petitioner,

v.                                                                CASE NO. 4:09cv312-MP-WCS

KENNETH S. TUCKER,

    Respondent.

_____/

## O R D E R

    This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated . (Doc. 24). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The defendant filed an objection at Doc. 27, of which I have made a _de novo_ review. Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.

    In his objections regarding Ground Three in his Amended Petition, the petitioner argues for the first time that his counsel was ineffective for failing to investigate and call witnesses who would have supported the self-defense instruction. Plaintiff's Amended Petition (doc. 7), however, does not contain this newly minted ineffectiveness claim. The text of Ground Three in his Amended Petition is as follows:

> The trial court abused its discretion in limiting the jury charge. The trial court should have allowed an instruction on come to the aid to another; trial court improperly determined that the evidence did not support the inclusion in the instruction. However, the failure to give a requested jury instruction constitutes prejudicial error when there is a reasonable possibility that it was misleading by the failure to give instruction. The instruction was necessary to allow jury to properly resolve all issues in this case. The trial court in its denial, denied the requested instruction which violated Petitioner Solis's Constitutional right under the Eighth Amendment to the United States Constitution in a way that prevented consideration of constitutionally relevant evidence.

Like Ground Three in the Amended Petition, the fourth argument raised in petitioner's state post-conviction motion did not involve ineffectiveness of counsel, petitioner merely argued that the trial court abused its discretion in not giving a jury instruction on defense of others. (Doc. 20, p. 12). Because petitioner failed to previously present this claim as an ineffectiveness argument, he has failed to exhaust his state remedies with regard to the new argument raised in his objections. Accordingly, this newly minted ineffectiveness claim will not be considered by this Court.

Accordingly, it is now ORDERED as follows:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The petition for writ of habeas corpus filed by Jose L. Solis pursuant to 28 U.S.C. § 2254 challenging his convictions for second degree murder of Willie Joe Stanford and aggravated battery with great bodily harm upon Joe Shiver, case number 03-00808CFA, in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida, is **DENIED WITH PREJUDICE** and a certificate of appealability is **DENIED** pursuant to § 2254 Rule 11(a).

**DONE and ORDERED** this 2nd day of May, 2012.

                 s/ *M. Casey Rodgers*
                **M. CASEY RODGERS**
                **CHIEF UNITED STATES DISTRICT JUDGE**